AB:ADG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | AFFIDAVIT AND COMPLAINT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT |
| - against - | |
| DEMETRIUS CUMMINGS, | Case No. 19-MJ-749 |
| Defendant. | (18 U.S.C. § 922(g)(1)) |

- - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

SIMON LAINE, being duly sworn, deposes and states that he is a Detective with the New York City Police Department, duly appointed according to law and acting as such.

On or about August 15, 2019, within the Eastern District of New York, the defendant DEMETRIUS CUMMINGS, knowing that he had been previously convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm and ammunition, to wit, a loaded .380 caliber Lorcin semi-automatic pistol with serial number 364571.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because this affidavit is being submitted for the limited purpose of

1. I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving the recovery of firearms and ammunition. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation. Where I describe the statements of others, I am doing so only in sum and substance and in part.

2. On or about August 15, 2019, at approximately 10:19 p.m., three NYPD officers ("Officer-1," Officer-2" and "Officer-3")[2] were in plain clothes and an unmarked police car patrolling in the vicinity of Kings Highway, in Brooklyn, New York. The officers observed a black Cadillac fail to signal while turning. The officers also observed that the car had a broken driver's side mirror, which was covered in duct tape. Upon a Department of Motor Vehicles records check, the officers learned that the car's license plate was matched to a different car. The officers followed the car for several blocks and observed it pull over to the side of the road without signaling.

3. The police turned on their lights to stop the car. The defendant DEMETRIUS CUMMINGS exited the car's front passenger-side door with a backpack. The defendant was instructed to get back into the car, which the defendant did. Officer-1

---

establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

[2] Because multiple law enforcement personnel were involved in the incident, I refer to the officers as Officer-1, Officer-2 and Officer-3 for ease of reference. The identities of each of these individuals are known to the affiant, and I have interviewed Officer-1 and Officer-2 about the events set forth herein.

approached the car's passenger-side door, while Officer-2 and Officer-3 approached the driver (the "Driver"). There was also a passenger in the back of the car (the "Passenger"). Officer-2 asked the Driver for his license, registration and insurance. The Driver ultimately stated in sum and substance that he did not have them. Nor did the defendant or Passenger. Officer-1 and Officer-2 smelled a strong odor of marijuana. Officer-2 asked the Cadillac's occupants to step out of the Cadillac.

4. Officer-2 searched the front interior of the car and found marijuana residue on the car floor and a plastic container containing marijuana residue. Officer-2 searched the defendant DEMETRIUS CUMMINGS's backpack for narcotics. Inside the bag, Officer-2 found multiple credit cards with names of different individuals who were not inside the car. Officer-2 also saw the handle of a firearm inside the bag. The officers arrested all three of the car's occupants and transported them to the police precinct.

5. At the precinct, the officers recovered from the backpack a loaded .380 caliber Lorcin semi-automatic pistol bearing serial number 364571. The gun was operable. The police also recovered from the car a marijuana cigarette. In a post-arrest interview with Officer-1 and other NYPD personnel, the defendant DEMETRIUS CUMMINGS was advised of his Miranda rights. The defendant chose to speak. He stated in sum and substance and in part that a gun was in the backpack, it was his gun and backpack, he had the gun for protection, the gun was from Virginia and the credit cards in the backpack were stolen.

6. I have reviewed the defendant's criminal history, which revealed that on or about September 5, 1996, in Kings County Supreme Court, the defendant DEMETRIUS CUMMINGS was convicted of robbery in the third degree, in violation of

New York Penal Law ("NYPL") § 160.05, a class D felony, which I know to be a crime punishable by a term of one year or more, and was sentenced on or about the same date to a term of ten years' imprisonment. Additionally, on or about February 22, 1990, in Kings County Criminal Court, the defendant was convicted of attempted criminal possession of stolen property in the third degree, in violation of NYPL § 165.50, a class E felony, which I know to be a crime punishable by a term of one year or more, and was sentenced on or about February 22, 1990 to 18 months to three years.

7. I have conferred with a Nexus expert, a Special Agent of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has informed me, in substance and in part, that the recovered Lorcin firearm was manufactured outside the state of New York.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant DEMETRIUS CUMMINGS so that he may be dealt with according to law.

SIMON LAINE
Detective
New York City Police Department

Sworn to before me this
21st day of August, 2019

s/Tiscione

THE HONOR
UNITED STA
EASTERN DI.